IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| JASON BRINKMAN, JR. | * | |
| Plaintiff, | * | |
| v. | * | Case No. 8:22-cv-01460-AAQ |
| PETE & SONS, INC., | * | |
| Defendant | * | |

## MEMORANDUM OPINION

This is a dispute over unpaid overtime wages and alleged retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq* and Maryland state law. Pending before the Court is a Joint Motion and Memorandum for Approval of Settlement of said dispute between the parties pursuant to 29 U.S.C. § 216. For the reasons discussed below, the Joint Motion shall be GRANTED, and the case will be DISMISSED.

## BACKGROUND

Town Center Market is a liquor and grocery store with an operating bar owned by Defendant Pete & Sons, Inc. ("Defendant"). ECF No. 13, at 3. Plaintiff Jason Brinkman ("Plaintiff" or "Mr. Brinkman") worked at Town Center Market from approximately April 2019 to December 2021.[1] ECF No. 1, at ¶ 9. While hired as a cashier, Plaintiff alleges that he was also regularly assigned to different roles during his tenure, including working as a bartender when the

---

[1] While Mr. Brinkman alleged in his Complaint that he worked for Defendant between April 2019 and December 2021, the parties have agreed to settle based on the hours he worked between July 2019 and December 2021. ECF No. 13, at 4 ("During the relevant statutory recovery period of July 2019 through December 2021, Plaintiff worked . . . approximately 500 hours in overtime.").

1

on-premises bar was open.  *Id.* at ¶ 10.  Plaintiff alleges that, during his employment, he worked between fifty and sixty hours per week but that he was not paid for work he performed in excess of forty hours per week.  *Id*. at ¶ 14, 15, 20.  Additionally, Plaintiff alleges that the "tip pooling policy at Town Center Market was improper because it was not limited to customarily tipped employees."  *Id*. at ¶ 24.

Defendant disputed both that Plaintiff was incorrectly compensated for any alleged overtime work and that the tipping policy was improper.  ECF No. 5, at 3-4.  Following exchange of informal discovery, the parties engaged in a formal mediation session before the Court.  ECF No. 13, at 1.  While the initial session did not result in a settlement, the parties continued to negotiate for several weeks and ultimately reached an agreement resolving Plaintiff's claims.  *Id.* at 1-2.  After reaching that agreement, counsel for the parties filed the present Joint Motion.  *Id*.

## STANDARD OF REVIEW

When evaluating settlement agreements for approval under the FLSA, courts should approve settlements that "reflect[] a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. Jun. 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In making such a determination, typically, district courts in the Fourth Circuit "employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*."  *Id.* at *3 (citing *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D. Md. 2010)).  Those considerations include ensuring there is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions" by evaluating the following: (1) whether there are FLSA issues actually in dispute; (2) whether the settlement is

fair and reasonable in light of the relevant factors; and (3) whether the attorneys' fees, if included in the agreement, are reasonable. *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sep. 28, 2009); *Lane v. Ko-Me*, *LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2-3 (D. Md. Aug. 31, 2011)). Evaluation of the aforementioned, with discussion of the relevant facts, follows below.

## DISCUSSION

The parties have asked the Court to approve their proposed Settlement Agreement and dismiss this case. I find that approval is proper as the Settlement Agreement reflects a fair and reasonable resolution of a *bona fide* dispute between the parties and includes a reasonable award of attorney's fees.

**A. There is a *Bona Fide* Dispute Between the Parties.**

To determine whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, the Court should "examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 408 (D. Md. 2014) (citing *Lomascolo*, 2009 WL 3094955, at *16-17). Disagreements over rates of pay and hours worked can constitute *bona fide* disputes over a defendant's liability. *See id.* (finding a *bona fide* dispute where "parties disagree[d] about Duprey's rate of pay and hours worked"). Similarly, disagreements about the allocation of tips also constitute *bona fide* disputes. *See Bass v. 817 Corp.*, No: 2:16-1964-RMG, 2017 WL 11458031, at *2 (D.S.C. Sept. 29, 2017) (finding a *bona fide* dispute where the employee alleged that his employer required him to "participate in a mandatory 'tip pool' which included tipping the Owners, Managers, and General Managers, and [the employer] denied these allegations").

3

In their Joint Motion, the parties highlight the FLSA issues that constitute *bona fide* disputes. Here, the parties initially disputed the number of hours Mr. Brinkman worked and whether he should have received overtime. ECF No. 13, at 4. It was only through negotiation that the parties came to an agreement over the number of hours he worked. The parties continue to disagree about a number of issues related to Defendant's tip policies, including whether there was a written tip-pooling policy that was contrary to law; whether any alleged invalidity of the policy was intentional or merely a "good-faith oversight"; whether management engaged in wage theft by withholding all or a portion of the tips; and whether Plaintiff received a share of the tip pool. *Id*. at 4-5. These disagreements provide the basis for a separate dispute as to whether Plaintiff is entitled to recover liquidated damages or damages beyond the two-year recovery period that is standard in FLSA cases. *Id.* at 5. Given these ongoing disagreements, I find that a *bona fide* dispute exists between the parties under the FLSA.

**B. The Settlement Agreement is Fair and Reasonable.**

Next, the Court considers whether a settlement agreement is fair and reasonable. In assessing whether a settlement is fair and reasonable, the U.S. District Court for the District of Maryland considers the following six factors: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of settlement in relation to potential recovery." *Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

The first factor asks courts to consider the extent to which discovery has taken place. When looking at this factor, courts assess whether the parties have "had adequate time to conduct

4

sufficient discovery to 'fairly evaluate the liability and financial aspects of [the] case.'" *Lomascolo*, 2009 WL 3094955, at *11 (citing *In re A.H. Robins Co., Inc.*, 88 B.R. 755, 760 (E.D. Va. 1988)). While the parties in this case did not conduct formal discovery, "[b]y avoiding formal discovery, resources that otherwise would have been consumed by the litigation [can be] made available for settlement, and the risk and uncertainties for both parties [can be] reduced." *Duprey*, 30 F.Supp.3d at 409. Here, the parties participated in informal discovery, "exchanging relevant documents related to Plaintiff's employment with Defendant[] including documents reflecting Plaintiff's hours worked, Plaintiff's compensation and revenue associated with the bar." ECF No. 13, at 1. In their Joint Motion, both parties attest that the "settlement reached fully considers the strengths and weaknesses of the Parties' positions." *Id*. at 6. Since the parties have had time to evaluate their positions in the context of all claims and defenses, this factor weighs in favor of approval.

The second factor looks to the current stage of the proceedings. Settlements can be found to be fair where proceeding further would be difficult and costly and the parties would prefer to end proceedings before significant investment in litigation. Here, the parties aver that the Settlement resolves the matter "prior to the Parties incurring substantial fees and costs associated with continued litigation." ECF No. 13, at 6. *See Black v. Reviera Enter., Inc.,* No. DLB-19-201, 2020 WL 6544820, at *2 (D. Md. Nov. 6, 2020) (holding settlement agreement was fair and reasonable where parties recognized remaining discovery would require significant investment of time, effort, and financial resources); *Saman*, 2013 WL 2949047, at *4 (finding that the parties' representation that they wished "to avoid the costs of formal discovery, dispositive motions, and a possible trial" bolstered the decision to "engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed."). Given the

parties' joint preference to terminate proceedings early rather than invest time and money into litigation, this factor weighs in favor of finding this Settlement Agreement to be fair.

The third factor assesses whether there has been fraud or collusion in the formation of the settlement. There are no facts presented that suggest either, allowing the "presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Lomascolo*, 2009 WL 3094955, at *12. Here, counsel attests that the parties reached this Settlement "after a period of informal discovery and through arms-length negotiations conducted by the Parties' self-selected legal counsel." ECF No. 13, at 6. While "counsel's opinion and recommendation as to the fairness and reasonableness of a settlement is not to be blindly followed," *Saman*, 2013 WL 2949047, at *5 (citing *Lomascolo*, 2009 WL 3094955, at *12), their representations weigh in favor of approving the Settlement.

Under the fourth factor, courts look to the experience of counsel. Generally, where counsel is well-versed in the underlying law, courts presume that clients have been appropriately advised on the merits and challenges associated with settlement. *See Hackett v. ADF Rest. Investments*, 259 F.Supp.3d 360, 366 (D. Md. 2016) (finding a fair and reasonable settlement where counsel had litigated numerous lawsuits involving wage and hour violations). Here, Plaintiff is represented by Sundeep Hora, who has been a member of the Maryland Bar since 2000 and has represented clients in numerous employment and wage and hour cases over the course of his career. ECF No. 13-2, at ¶ 3, 5. Mr. Hora has handled numerous FLSA cases in federal court, *id*. at ¶ 6, which requires knowledge of the relevant law that would impact Plaintiff's ultimate recovery. Accordingly, I am satisfied that Plaintiff's counsel is sufficiently experienced in litigating similar matters.

The fifth factor incorporates the opinions of counsel.  Counsel's opinion that the expense and potential duration of litigation weighs in favor of early settlement lends credence to a proposed settlement agreement.  *Castro v. Early Learning Language Academies, LLC*, No. CBD-18-2421, 2021 WL 915106, at *4 (D. Md. Mar. 9, 2021).  In their Joint Statement, the parties agree that the settlement is fair and reasonable, ECF No. 13, at 7, and note the benefit of a settlement before incurring additional costs associated with continued litigation, *id*. at 6.  This weighs in favor of approving the Settlement.

Applying the sixth factor, courts weigh the probability of a plaintiff's success and the relationship between the amount of the settlement and the potential recovery.  Plaintiff faces multiple challenges before his ultimate recovery, including resolution of a number of factual disagreements regarding the tipping policy discussed *supra*.  The parties agree that Plaintiff was not paid time-and-one-half his normal rate for almost 500 hours of work, totaling $3,380.70 in unpaid overtime wages: at trial, this could lead to a possible recovery of $10,140.00 with treble damages.  ECF No. 13, at 4.  After exchanging documents with Defendant, Plaintiff asserts that he is owed $23,245.10 in unpaid tips and could recover up to $69,735.34 at trial for these claims.  *Id.* In total, Plaintiff's possible recovery at trial would be $79,875.34.  The proposed Settlement is for $68,000.00, $50,835.48 of which is allocated to unpaid wages and damages and $17,164.52 of which is allocated to attorneys' fees and costs.  *Id*. at 7.  This represents a recovery of 64% of Plaintiff's maximum damages without the risk and additional expense of continuing to trial.  *Cf. Gue v. Shree Pashuapati Corp.*, No. DKC-21-44, 2021 WL 2414866, at *2 (D. Md. Jun. 14, 2021) (approving settlement in which Plaintiff received, in total, 20% of claimed backpay); *Lee v. Ex-Exec Lube, LLC*, No. DLB-19-3195, 2021 WL 1117274, at *2 (D. Md. Mar. 24, 2021) (approving settlement in which Plaintiff received, in total, 14% of claimed backpay).  While Plaintiff could

recover more at trial, the mere possibility of greater recovery does not render a settlement unfair. *See Kuntze v. Josh Enterprises, Inc.*, No. 2:18cv38, 2019 WL 2179220, at *3 (E.D. Va. May 20, 2019) ("[T]here is also a possibility that Plaintiff is entitled to a lesser amount of damages or no damages at all.  Thus, the probability of full recovery is not so great as to outweigh the benefits of settlement in this case.").

This Settlement Agreement does contain a general release of claims by the Plaintiff that exceeds those specified in the Complaint.  ECF No. 13-1, at 2.  Such a release can render the Settlement Agreement unreasonable.  *Duprey*, 30 F.Supp.3d at 410 (citing *Moreno v. Regions Bank,* 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010)).  However, so long as the "employee is compensated reasonably for the release executed, the settlement can be accepted" and I do not need to consider the "reasonableness of the settlement as to the non-FLSA claims." *Id.  See Garcia v. Bhav Gosal, Inc.*, No. 8:22-cv-00101-PX, 2022 WL 17985878, at *3 (D. Md. Dec. 29, 2022) (finding settlement reasonable despite presence of general release); *Gue*, 2021 WL 2414866, at *1 (same); *Lee*, 2021 WL 1117274, at *1 (same).  As noted above, the Settlement provides an amount greater than Plaintiff may receive at trial given the uncertainty as to the number of hours worked and the alleged willful nature of Defendant's conduct.

Upon consideration of these factors, the Court finds the Settlement to be fair and reasonable.

### C. The Settlement Agreement Awards Reasonable Attorneys' Fees.

The Settlement Agreement must also contain reasonable provisions for allocating attorney's fees.  *Duprey*, 30 F.Supp.3d at 411.  Here, the parties have decided upon an allocation of $17,164.52 in attorney's fees.  ECF No. 13-1, at 2.

"Ultimately, of course, any award of attorneys' fees to Plaintiff will turn on application of the traditional lodestar methodology factors." *Saman*, 2013 WL 2949047, at *6. The lodestar approach "multiplies 'the number of hours reasonably expended . . . by a reasonable hourly rate' to achieve 'an objective basis on which to make an initial estimate of the value of a lawyer's services.'" *Quevedo v. HBJ, Inc.*, No. PWG-14-734, 2014 WL 3970173, at *5 (D. Md. Aug. 13, 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Under the lodestar approach, an hourly rate "is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F.Supp.3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n. 11 (1984)). In determining the reasonableness of the billing rates and hours worked to be used in a lodestar calculation, the United States Court of Appeals for the Fourth Circuit has directed courts to consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "Johnson factors"):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Saman*, 2013 WL 2949047, at *6 (citing *Barber v. Kimbrell's Inc.*, 557 F.2d 216, 226 n. 28 (4th Cir. 1978)). This Court maintains guidelines regarding appropriate hourly rates in Appendix B to its Local Rules (D. Md. Jul. 2021). The rate in Appendix B for lawyers admitted to the bar for more than twenty years is $300 to $475 per hour. The rate in Appendix B for lawyers admitted to

the bar for fewer than five years is $150 to $225 per hour. Often, attorneys discount their total award when asking for settlement approval. *See Majed Tomeh v. Veriphyr, Inc.*, No. 8:21-cv-02914-AAQ, 2022 WL 1422897, at *4 (D. Md. May 5, 2022) (awarding counsel's request of $30,000 to compensate for $45,200 in fees and costs incurred); *Galizia v. Ricos Enterprises, Inc.*, No. DKC-21-2592, 2022 WL 374511, at *3 (D. Md. Feb. 8, 2022) ("Clearly, the fee requested is a small percentage of the actual fees incurred and is entirely reasonable."); *Nyamira v. Little Kampala Services, LLC*, No. DKC-17-3379, 2018 WL 5026371, at *4 (D. Md. Oct. 17, 2018) (awarding counsel's request of $1,500 in fees to compensate for over $11,000 in fees and costs incurred).

In the Joint Motion, Plaintiff's counsel, Mr. Hora, attests that he and his associate, Rebecca Stoddard, conducted all of the legal work for Mr. Brinkman. Mr. Hora states the fees award represents 31.7 hours of his time, billed at $475.00 per hour, and 7.5 hours of Ms. Stoddard's time, billed at $225.00 per hour. ECF No. 13, at 9. *See* ECF No. 21. The requested fee award exceeds comparable FLSA cases that similarly lacked dispositive motions, multiple plaintiffs, or other complex legal issues. *See Navarro v. Eternal Trendz Customs, LLC*, No. TDC-14-2876, 2015 WL 898196, at *4 (D. Md. Mar. 2, 2015) (approving a settlement that was agreed to after informal discovery and ADR and awarded $3,044.45 to compensate for 25.1 hours of work); *Duprey*, 30 F.Supp.3d at 412 (approving a settlement that was agreed to after informal discovery and ADR that awarded $3,000 in attorneys' fees in compensation for 31.5 hours of work). In addition, both attorneys request the maximum hourly rate permitted under the Maryland guidelines. However, the documentation provided in ECF No. 21 supports the number of hours worked and the rates are reasonable per this Court's guidelines: thus, the requested award is reasonable using the lodestar calculation. In addition, the award here does not exceed the amount awarded to Plaintiff. *See*

*Gionfriddo v. Jason Zink, LLC.*, No. RDB-09-1733, 2012 WL 1077765, at *1 (D. Md. Mar. 29, 2012) (finding an award of attorneys' fees unreasonable where the award was in excess of the amounts paid to individual plaintiffs).

Since the award is reasonable applying the lodestar calculation, the requested fees will be awarded in full.

## CONCLUSION

For the reasons stated above, the Joint Motion for Judicial Approval of Settlement will be GRANTED and this case shall be DISMISSED with prejudice.

So ordered.

Date:   May 15, 2023                                       _____/s/_____
                                                                            Ajmel A. Quereshi
                                                                            United States Magistrate Judge